NOT DESIGNATED FOR PUBLICATION

Nos. 115,445
115,446

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERTO REYES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed September 1, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM:  Because Roberto Reyes has failed to show us an abuse of discretion by the district court in these consolidated appeals, we affirm the revocation of his probation and subsequent order to serve a reduced prison sentence.

After Reyes pled guilty to three counts of possession of methamphetamine arising in two cases, the court departed from the sentencing guidelines; instead of sending him to

1

prison, the court suspended the incarceration portion of his sentence and placed him on probation.

A few months later, Reyes admitted he violated his probation conditions when he committed a domestic violence battery and failed to refrain from assaultive behavior. The district court imposed a 60-day jail sanction for this probation violation. At that time the district court warned Reyes there would be zero tolerance for future violations. Additionally, the court ordered Reyes to enter and complete the local community corrections residential program as a condition of his probation.

Unfortunately, Reyes was unable to refrain from assaultive behavior. While in the residential program, Reyes received a disciplinary report for aggressive behavior. He admitted this was a probation violation. After hearing this, the district court revoked Reyes' probation and imposed the prison component of his sentence but lowered his sentence from 64 months to 44 months.

When it considered this matter, the district court found that Reyes' continued aggressive behavior endangered the safety of members of the public. Additionally, the court found that Reyes' welfare would not be served by an intermediate sanction because Reyes failed to complete the residential program and exhausted all other community resources.

To us, Reyes argues the district court abused its discretion because "the imposition of the prison sentence was not appropriate in achieving the goals of the Kansas Sentencing Guidelines." Reyes attempts to portray his actions in the program as a minor indiscretion where no physical violence occurred. However, it was severe enough for him to be disciplined. His argument ignores the court's finding that his welfare would not be served by the imposition of an intermediate sanction. Under K.S.A. 2016 Supp. 22-3716(c)(9), the district court has the authority to impose an underlying sentence without

imposing a series of intermediate sanctions when "the court finds and sets forth with particularity the reasons for finding . . . that the welfare of the offender will not be served by such sanction."

The court noted that Reyes was ordered into the residential program with community corrections, which the district court described by stating, "it's intended for people who otherwise would be going to prison as a last resort to try to give them another opportunity to stay out." The record shows that Reyes' first sanction was for battery, which is aggressive behavior. His second violation was also for aggressive behavior, which occurred in the residential program that is a "last resort" to keep people out of prison. Because Reyes was not able to refrain from these types of actions while in the program, the district court's decision to revoke his probation is reasonable. The district court did not abuse its discretion in revoking Reyes' probation.

Affirmed.